Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant ANHEUSER-BUSCH, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LIRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'23CV1373 LL    DEB**<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; and Declarations of Scott Keller, James Mathis, and Tim L. Johnson]<br><br>Complaint Filed: June 28, 2023<br>Removal Date:<br>Trial Date:       None Set |

Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Defendant ANHEUSER-BUSCH, LLC ("Defendant" or "AB") remove this action to the United States District Court for the Southern District of California under 28 U.S.C. Section 1332(d) (the Class Action Fairness Act ["CAFA"]) and Section 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

I.   **STATE COURT ACTION**

1.   Plaintiff filed his Complaint on June 28, 2023, in the San Diego County Superior Court ("Action"). The San Diego County Superior Court assigned the Action Case No. 37-2023-00027013. (Declaration of Tim L. Johnson ["Johnson Decl."], ¶ 2; Ex. 1, Complaint.)

2.   AB received Plaintiff's Complaint on June 30, 2023. (Johnson Decl., ¶ 3; Ex. 2, Proof of Service.) AB then filed its Answer to Plaintiff's Complaint in the San Diego County Superior Court on July 25, 2023. (Johnson Decl., ¶ 4; Ex. 3, Answer.)

II.   **REMOVAL IS TIMELY**

3.   The time to remove under 28 U.S.C. section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Here, the four corners of the Complaint do not provide readily ascertainable grounds for removal. The Complaint does not allege sufficient facts to calculate the amount in controversy with reasonable certainty as to the individually named plaintiff or as to the putative class. Nor does the Complaint allege any claim under federal law. Accordingly, as mentioned, it is not possible to ascertain from the Complaint that this case is removable, and, to date, Defendant has not received any other document which would constitute an "other pleading, motion, order or other

paper" providing this missing information. (Johnson Decl. ¶ 6.) Thus, the time to remove this action has not yet begun. Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013). As set forth below, Defendant has only recently discovered such evidence after an arduous collection and review of all records of potential class members and a complex analysis of the estimated damages allocated to each cause of action. As such, Defendant is timely removing this case based on that discovery.

4.  Even if it could be determined from the four corners of the Complaint that this action is removable, this Notice of Removal would still be timely. Defendant was served on June 30, 2023 (Johnson Decl. ¶ 3, Ex. 2) Under 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a), the time to remove could not expire, at the earliest, until after July 31, 2023[1], the first day which is 30 days after service of the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This removal is timely.

### III.  REMOVAL IS PROPER UNDER CAFA

5.  The Complaint asserts the following claim on a class-wide basis: (1) failure to pay all overtime wages; (2) meal period violations; (3) rest period violations; (4) paid sick leave violations; (5) untimely payment of wages; (6) wage statement violations; (7) waiting time penalties; and (8) violation of the unfair competition law.

6.  CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in

---

[1] 30 days from the service of the Complaint would be Sunday July 30, 2023. However, Federal Rule of Civil Procedure 6(a)(1)(C) would extend the deadline to the next day on Monday July 31, 2023.

1  controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.
2  28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. Section 1446.

3      7.    This Court has original jurisdiction over the Action under CAFA because
4  it is a civil case filed as class action wherein at least one member of the putative class
5  of plaintiffs is a citizen of a state different from Anheuser-Busch, LLC; the number of
6  individuals in Plaintiff's proposed classes in the aggregate is over 100; and the matter
7  in controversy exceeds $5,000,000, exclusive of interest and costs.

8      A.    **CAFA's Diversity of Citizenship Requirement Is Satisfied**

9      8.    CAFA's diversity requirement is satisfied when at least one plaintiff is a
10  citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2),
11  1332(d)(5)(B), 1453(a) and (b); *Rodgers v. Central Locating Service, Ltd.*, 2006 U.S.
12  Dist. LEXIS 6255, *7-*8.

13      9.    Under 28 U.S.C. Section 1332(d)(10), "an unincorporated association
14  shall be deemed to be a citizen of the State where it has its principal place of business
15  and the State under whose laws it is organized." The Supreme Court has held the
16  principal place of business is best read as referring to the place where a company's
17  officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 130 S. Ct.
18  1181, 1184 (2010). The Court further clarified the principal place of business was the
19  place where a company "maintains its headquarters – provided that the headquarters
20  is the actual center of direction, control and coordination." *Id*.

21      10.    At all relevant times, Plaintiff has been a resident of California. (Ex. 1,
22  Complaint, ¶ 9; Declaration of Scott Keller ["Keller Decl."], ¶ 5.)

23      11.    Anheuser-Busch, LLC ("Anheuser-Busch") is a limited liability company
24  organized under the laws of the State of Missouri and has its principal place of business
25  in St. Louis Missouri. Its executive management has directed, controlled, and
26  coordinated its activities from there. Anheuser-Busch has not organized itself under
27  the laws of California nor had its principal place of business here. (Declaration of
28  James Mathis ["Mathis Decl."], ¶ 2.)

12. Minimal diversity is present here because, at all relevant times, Plaintiff has been a citizen of California and Defendant has not.

### B. CAFA's Class Size Requirement Is Satisfied

13. Plaintiff brings the Action pursuant to California Code of Civil Procedure Section 382 on behalf of the following class ("Class"):

> All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

(Ex. 1, Complaint, ¶ 15.)

14. While Defendant disputes Plaintiff's allegations, from June 28, 2019, through the date of the Keller Declaration, Defendant employed, in the aggregate, at least 3,428 non-exempt employees in the putative class. (Declaration of Scott Keller ["Keller Decl."], ¶ 2.) Thus, CAFA's size requirement is satisfied.

### C. CAFA's Requisite $5 Million Amount in Controversy Is Satisfied

15. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

16. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

/ / /

17. For purposes of removal, "[t]he court accepts the allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); citing, *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012). In determining whether the amount in controversy requirement is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

18. Plaintiff seeks the recovery of unpaid wages, statutory penalties, reasonable attorney fees and costs, pre-judgment and post-judgment interest, liquidated damages, statutory penalties, premium wages (plus interest and penalties), waiting time penalties, and itemized wage statement penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint satisfies the $5,000,000 threshold for CAFA removal.[2] *See* 28 U.S.C. § 1332(d).

19. As shown below, the amount in controversy is well above the $5,000,000 jurisdictional minimum.

### 1. Relevant Data

20. Plaintiff seeks to certify various classes and subclasses from June 28, 2019 to the present. From June 28, 2019 to the Notice of Removal, Defendant employed, in the aggregate, at least 3,428 non-exempt employees in California. Those employees worked at least 148,560 workweeks or at least 75,225 pay periods. The average hourly rate during the alleged class period is $25.99. (Keller Decl., ¶ 2.)

---

[2] In alleging the amount in controversy for purposes of CAFA, Defendant does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Defendant concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the action. Defendant also does not concede Plaintiff can bring his claims on class or representative basis.

21.     From June 28, 2020, to the present, at least 1,410 non-exempt employees in California separated from their employment. The average hourly rate during the alleged class period is $25.99. This equals an average daily rate (8 hours) of approximately $207.92. (Keller Decl., ¶ 3.)

22.     From June 28, 2022, to the present, at least 2,161 non-exempt employees in California received at least 22,485 wage statements. (Keller Decl., ¶ 4.)

### 2.      Waiting Time Penalties

23.     Plaintiff alleges that "Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders." (Ex. 1, Complaint, ¶ 64.) Plaintiff further alleges, "Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law." (Ex. 1, Complaint, ¶ 65.)

24.     California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). The limitations period for such waiting time penalty claims is three years. *Id.* at 1400.

25.     From June 28, 2020, to the present, at least 1,410 non-exempt employees in California separated from their employment. The average hourly rate during the alleged class period is $25.99. This equals an average daily rate (8 hours) of approximately $207.92. (Keller Decl., ¶ 3.)

26.     Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties alone is at least **$8,795,016** ($25.99 per hour x 8 hours x 30

days x 1,410 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Marentes v. Key Energy Servs. Cal., Inc.*, No. L13–CV–02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the putative class members."). Even if reducing the amount by 40%, the amount in controversy easily exceeds the $5,000,000 threshold.

### 3.   Further Data

27.   For purposes of this removal, waiting time penalties alone are more than sufficient to support the required $5,000,000 threshold amount in controversy. However, Defendant has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy based on alleged wage statement penalties, meal period penalties, rest period penalties, and Plaintiff's other claims. (Keller Decl., ¶¶ 2-4.) As alleged, the amount in controversy exceeds the requisite threshold.

### 4.   Attorney Fees

28.   Based on the above, Defendants have demonstrated there is at least **$8,795,016** in controversy in waiting time penalties alone.

29.   Plaintiff also seeks attorney fees in connection with the above claims. (Ex. 1, Complaint.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have

allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5,000,000 CAFA threshold).

30. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$2,198,754 ($8,795,016 x 0.25)**.

31. Therefore, the total amount in controversy based on Plaintiff's allegations is at least **$10,993,770** ($2,198,754 [attorney fees] + $8,795,016 [alleged damages].)

### 5. Summary

32. Based on Plaintiff's allegations, the amount in controversy is at least **$10,993,770** ($2,198,754 [attorney fees] + $8,795,016 [alleged damages]). Even excluding Plaintiff's other claims, including but not limited to wage statement penalties, meal period penalties, rest period penalties, and unpaid wages, the Complaint easily satisfies the $5,000,000 threshold.

### IV. VENUE IS PROPER IN THIS COURT

33. Under 28 U.S.C. Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S.C. § 84(b). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

34. Under 28 U.S.C. Section 1446(a), this Notice of Removal is accompanied by the Declarations of James Mathis, Scott Keller, and Tim L. Johnson, and Exhibits 1 through 3, which constitute a copy of all processes, pleadings, and orders provided to Defendant.

/ / /

/ / /

35. As required by 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant timely filed this Notice of Removal, as they were served with the Complaint on June 28, 2023.

36. As required by 28 U.S.C. Section 1446(d), Defendant provided Notice of Removal to Plaintiff through his attorney of record.

37. As required by 28 U.S.C. Section 1446(d), Defendant will file a copy of the original Notice of Removal with the Superior Court of the State of California, for the County of San Diego.

38. If this Court has a question regarding the propriety of this Notice of Removal, Defendant requests it issue an Order to Show Cause so it can provide additional briefing on the grounds for this removal.

## V.     CONCLUSION

For the foregoing reasons, Defendant removes the above-entitled action to the United States District Court for the Southern District of California.

DATED: July 28, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tim L. Johnson*
Spencer C. Skeen
Tim L. Johnson
Andrew J. Deddeh
Attorneys for Defendant ANHEUSER-BUSCH, LLC